

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,936

**TERENCE TRAMAINE ANDRUS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 09-DCR-051034
### IN THE 240ᵀᴴ DISTRICT COURT
### FORT BEND COUNTY

*Per curiam.*  YEARY, J., filed a concurring statement, in which HERVEY and NEWELL, JJ., joined.  KELLER, P. J., filed a dissenting statement.  ALCALA, J., filed a dissenting statement.

### ORDER

The above-styled and numbered cause is pending before this Court as a result of appellant's capital murder conviction and resulting sentence of death in the 240ᵗʰ District Court of Fort Bend County, Cause No. 09-DCR-051034, styled The State of Texas v. Terence Tramaine Andrus.  Appellant argues on appeal that the trial court erred in denying his pretrial motion to suppress his oral and written statements.

When a question is raised as to the voluntariness of an accused's statement, Article

38.22, § 6, of the Texas Code of Criminal Procedure, requires the trial court to "enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." The trial court conducted a hearing on appellant's pretrial motion to suppress his statements and denied the motion without entering findings of fact and conclusions of law.

Under Texas Rule of Appellate Procedure 34.5(c)(2), an appellate court can order the trial court to "prepare and file findings of fact and conclusions of law *as required by law*" (emphasis added) and have the clerk supplement the record with those findings and conclusions without abating the case. Assuming that the findings and conclusions were *required by law* to be made, then the record can simply be supplemented without abating the case.

Therefore, the trial court is directed to prepare and file findings of fact and conclusions of law regarding the voluntariness of appellant's statements. The trial court clerk must then prepare, certify, and file in this Court a supplemental clerk's record containing the findings and conclusions. The findings and conclusions are to be made, and the supplemental clerk's record is to be filed, within 30 days of the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

IT IS SO ORDERED THIS THE 25TH DAY OF FEBRUARY, 2015.

Do not publish